FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2017 ★

LONG ISLAND OFFICE

DARIUS BURRIS,

           Plaintiff,

    -against-

**ORDER**
14-CV-5540 (JFB) (GRB)

NASSAU COUNTY DISTRICT ATTORNEY, NASSAU COUNTY POLICE, QUEENS COUNTY DISTRICT ATTORNEY, NEW YORK CITY POLICE, HEMPSTEAD POLICE DEPARTMENT, DETECTIVE DEZELIC, DETECTIVE GUBALLI, LIEUTENANT BODEN, A.D.A. JOHN/JANE DOE, DETECTIVE TZIMORATAS, DETECTIVE PULEO, SERGEANT REILLY, DETECTIVE J. DOE, P.O. MURPHY, P.O. J. DOE, SERGEANT J. DOE, LIEUTENANT J. DOE

           Respondents.
----------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On September 17, 2014, incarcerated *pro se* plaintiff Darius Burris ("plaintiff") brought this 42 U.S.C. § 1983 action against defendants Nassau District Attorney, Nassau County Police, Queens County District Attorney, New York City Police, Hempstead Police Department, Detective Dezelic, Detective Guballi, Lieutenant Boden, Detective Tzimoratas, Detective Puleo, Sergeant Reilly, three unidentified police officers in the Hempstead Police Department—two of whom have since been identified as Officers W. Van Wyen and Matthew A. Flannery—one unidentified police officer in the New York City Police Department, and an unidentified assistant district attorney in the Queen's County District Attorney's Office (collectively "defendants"). (ECF No. 1.) Before the Court is a Report and Recommendation ("R&R," ECF No. 92) from

1

Magistrate Judge Brown concerning motions to dismiss filed by (1) the Nassau District Attorney, Nassau County Police, Detective Dezelic, Detective Guballi and Lieutenant Boden (collectively, the "Nassau County defendants") (ECF No. 61), (2) the Hempstead Police Department and Officers Murphy, Van Wyen, and Flannery (collectively the "Hempstead Village defendants") (ECF No. 65), and (3) the New York City Police and the Queens County District Attorney (collectively, the "New York City defendants") (ECF No. 70). In the R&R, Judge Brown recommends that this Court grant in part and deny in part the Nassau County defendants' motion, grant the Hempstead Village defendants' motion, and grant in part and deny in part the New York City defendants' motion. Judge Brown also recommends that this Court grant plaintiff thirty days to file an amended complaint on all claims except false arrest, unlawful search and seizure incident to arrest, malicious prosecution, deprivation of the right to a fair trial, and the related conspiracy and retaliation claims (unless the underlying conviction is vacated or otherwise invalidated.)

The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated January 12, 2017, at 38-39.) The Nassau County defendants served the R&R on plaintiff on January 13, 2017 (*see* ECF No. 93), and plaintiff requested extensions to file his objections on January 21, February 2, and February 23, 2017. (ECF Nos. 94, 96, 98.) This Court granted plaintiff the requested extensions, ultimately extending his time to file until March 24, 2017. (ECF Nos. 95, 97, 99.) The Court informed plaintiff in its final order granting an extension dated March 2, 2017 that "[n]o further extensions will be granted absent extraordinary circumstances." (ECF No. 99.) Notably, in his February 2 request, plaintiff claimed that pages were missing from the copy of the R&R that he received from the Nassau County defendants (*see* ECF No. 96), and, in compliance with this Court's February 8 order responding to that letter, the Clerk of the Court mailed a full copy of the R&R to plaintiff (*see* ECF

No. 97). Nevertheless, plaintiff continued to insist that he had not received a full copy of the R&R. (*See* ECF Nos. 98, 100.) On March 13, 2017, the Hempstead Village defendants filed an affidavit of service indicating that they had served a copy of the R&R on plaintiff on that same day. (ECF No. 101.) The date for plaintiff to file objections to the R&R has passed, and plaintiff has not filed any such objections.[1]

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to

---

[1] Instead, plaintiff has filed yet another request for an extension of time to file his objections. (ECF No. 102.) In that letter, plaintiff again claims that he has not received a full copy of the R&R. (*Id.*) Given that this Court mailed the defendant a full copy of the R&R on February 8, 2017 (*see* ECF No. 97) and both the Nassau County and Hempstead Village defendants have filed affidavits indicating that they served full copies of the R&R on plaintiff (*see* ECF Nos. 93, 101), the Court finds plaintiff's repeated assertions that he has not received a full copy of the R&R implausible. Accordingly, the Court declines to grant him another extension at this time. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . ."); *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283–84 (2d Cir. 2005) ("[A] district court may, *in its discretion*, grant an extension of time to perform an act under the Rules." (emphasis added)).

In any event, to the extent Judge Brown recommends dismissal of plaintiff's claims with prejudice, those recommendations are based on either (1) the existence of a conviction that plaintiff never disputed in his opposition memorandum (*see, e.g.*, R&R at 11–14 (recommending dismissal of false arrest claims because the existence of probable cause is a complete defense to such a claim, and convictions for an underlying arrest, such as plaintiff's, conclusively establish probable cause for the arrest)), or (2) well-settled legal principles that are beyond challenge, such as Judge Brown's holding that the Hempstead Village, New York City, and Nassau County police departments, as well as the Queens and Nassau County District Attorneys, are non-suable entities (*see* R&R at 7–9). With respect to the remaining claims that were dismissed without prejudice, denial of another extension does not prejudice plaintiff because, as discussed below, this Court is granting plaintiff leave to re-plead those claims in accordance with the R&R (which plaintiff requests in his latest letter to the Court).

3

file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objections to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that the Nassau County defendants' motion is granted in part and denied in part as set forth in the R&R, the Hempstead Village defendants' motion to dismiss is granted as set forth in the R&R, and the New York City defendants' motion is granted in part and denied in part as set forth in the R&R. Specifically:

1. The claims against the Hempstead Village Police Department, the New York City Police Department, and Nassau County Police Department are dismissed with prejudice. (*See* R&R at 8.)

2. The claims against the Queens District Attorney and the Nassau County District Attorney are dismissed with prejudice to the extent they challenge these defendants' actions in their official capacity. (*see id.* at 10.) To the extent plaintiff challenges their actions in their individual capacity, the claims are dismissed for failure to state a claim without prejudice. (*see id.*)

3. The claims for false arrest, unlawful search and seizure incident to that arrest, malicious

prosecution, and deprivation of the right to a fair trial—and any related conspiracy and retaliation claims—are dismissed with prejudice. (*see id.* at 13-14 (false arrest); *id.* at 15 (unlawful search and seizure); *id.* at 18-19 (malicious prosecution); *id.* at 21 (right to a fair trial); *id.* at 22-23 (conspiracy); *id.* at 24 (retaliation).)

4. The claim for violation of plaintiff's constitutional right to equal protection based on discrimination is dismissed without prejudice. (*see id.* at 26-27.)

5. The claims for violations of plaintiff's substantive due process rights are dismissed with prejudice to the extent they allege violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. (*See id.* at 27.) The claims for a violations of plaintiff's procedural due process rights based on deficiencies in the indictment or denial of his right to a fair trial are dismissed with prejudice. (*See id.* at 28-29.)

6. To the extent plaintiff asserts claims for municipal liability against Nassau County, Queens County, and New York City (via claims against individual defendants in their official capacity), those claims are dismissed without prejudice. (*See id.* at 34.) To the extent plaintiff asserts claims for municipal liability against the Village of Hempstead, those claims are dismissed with prejudice. (*See id.*)

7. The New York City and Nassau County defendants' motions to dismiss the claims for violation of plaintiff's constitutional rights based on excessive force are denied. (*See id.* at 32-33.)

8. The state law claims are dismissed without prejudice. (*See id.* at 35-37.)

IT IS FURTHER ORDERED that, for all claims dismissed without prejudice, plaintiff is granted leave to file an amended complaint within thirty days of receipt of this order. For the reasons set forth in the R&R, plaintiff may not re-plead his claims for false arrest, unlawful search

and seizure incident to arrest, malicious prosecution, deprivation of the right to a fair trial, and the related conspiracy and retaliation claims (unless the underlying conviction has been vacated or otherwise invalidated).

Plaintiff also requests that this Court appoint counsel. (*See* ECF No. 102.) This Court previously denied similar requests in an order dated January 4, 2016 without prejudice to renewal "if circumstances warrant such application." (ECF No. 41.) Plaintiff has not identified any circumstances that have changed since its prior order that undercut the reasoning of that order. Therefore, for the reasons set for in the January 4, 2016 order, IT IS HEREBY ORDERED that plaintiff's request to appoint counsel is denied without prejudice to renewal at a later stage of these proceedings if the circumstances warrant renewal.

SO ORDERED.

Joseph Bianco

Joseph F. Bianco
United States District Judge

Dated: March 29, 2017
      Central Islip, New York