UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DARIUS BURRIS,

        Plaintiff,

-against-

NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY POLICE, QUEENS COUNTY
DISTRICT ATTORNEY, NEW YORK CITY
POLICE, HEMPSTEAD POLICE DEPARTMENT
DETECTIVE DEZELIC, DETECTIVE GUBALLI,
LIEUTENAT BODEN, A.D.A. JOHN/JANE
DOE, DETECTIVE TZIMORATES, DETECTIVE
PULEO, SERGEANT REILLY, DETECTIVE J.
DOE, P.O. MURPHY, P.O. J.DOE SERGEANT J,
DOE LIEUTENANT J. DOE

        Respondents,

---

NOTICE TO AMEND
Complaint under the
Civil Rights Act, 42 U.S.C.§ 1983

JURY TRIAL DEMANDED

14-cv-5540

Hon. JOSEPH F. BIANCO



PLEASE TAKE NOTICE, MOTION FOR LEAVE TO FILE AN AMENDEDCOMPLAINT

Plaintiff, DARIUS BURRIS, pursuant to Rule 15(a), Fed.R.Civ.P., request leave to file an AMENDED COMPLAINT addind a party(s).

1. The Plaintiff in his original complaint named the listed parties.

2. Since the filing of this original complaint, this Court has determined to dismiss portion(s) of this Plaintiff's complaint without prejudice, and has given this Plaintiff leave to file an Amended Complaint within the recipt of the ORDER of the Honorable JOSEPH F. BIANCO, dated: March 29, 2017. This Order was recived on April 3, 2017.

3. This Court should grant leave freely to Amend a complaint. Foman v. Davis 371, 178, 182, 83, SCt. 277 (1962); Williams v. Cargill, inc., 159 F.Supp.2d 984, 997-98 (S.D. Ohio 201).

DATED: April 13, 2017.
    ALTONA NEW YORK 12910.

Respectfully submitted
DARIUS BURRIS  16A1684
ALTONA CORRECTIONAL FACILITY
555 Devils Den Road, P..O.BOX 3000
Altona, New York 12910

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COMPLAINT

DARIUS BURRIS

Civil Rights Act, 42 U.S.C.§1983

        Plaintiff,

14-cv-5540

   -against-

NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY POLICE,QUEENS COUNTY
DISTRICT ATTORNEY, NEW YORK CITY
POLICE, HEMPSTEAD POLICE DEPARTMENT
DETECTIVE DEZELIC, DECTECTIVE GUBALLI,
LIEUTENTENAT BODEN,A.D.A. JOHN/JANE
DOE, DETECTIVE TZIMORATES,DETECTIVE
PULEO,SERGENT REILLY,DETECTIVE J.
DOE P.O. MURPHY, P.O. J DOE,SERGENT J,
DOE, LIEUTENAT J. DOE,

        Defendants,

---

I. Parties in this Complaint:

A. Plaintiff

      DARIUS BURRIS

   ALTONA CORRECTIONAL FACILITY
   555 DEVILS DEN ROAD, P.O. BOX 3000
   ALTONA, NEW YORK 12910

B. Defendant(s)

1. NEW YORK CITY DEPARTMENT OF CORRECTIONS
   C.O. SPATULA is an Correction Officer employed at (E.M.T.C. C-76)
   He is sued in his individual capacity.

2. Capitian JANE DOE is a Corrections Captain employed at (E.M.T.C. C-76)
   She is sued in her individual capacity.

3. New York City Department of Corrections

4. New York City Police Department

5. Sergent. REILLY; JANE DOE/JOHN DOE
   are employed at the QUEENS COUNTY CLERKS OFFICE

6. Detective Anthony Nicolic is an Detective at the 3 Precient
   he is sued in his indivdual Capacity.

7. Detective John Dezelic is an Detective for The NASSAU COUNTY POLICE Department he sued in his indivdual Capacity.

8. DETECTIVE(S) JANE DOE/JOHN DOE are Detectives for the NASSAU COUNTY Police Department and are sued in their indivdual Capacity.

9. A.D.A. SLONE and A.D.A. CARRADO are Assistant District Attorneys they are employed at THE NASSAU COUNTY DISTRICT ATTORNEYS OFFICE and they are being sued in their indivdual Capicty.

10. DETECTIVE TZIMORALAS is an Detective for the New York City Police Department and he is employed at the 105 Police Station

II STATEMENT OF CLAIM

1. As stated in the original Complaint. The actions of Defendant(S) SPATTULA, and Detective(s) Jane Doe and John Doe in using excessive Force against the Plaintiff without need or provocation, and or in failuire to intervene to prevent the misuse of force, were done Maliciously and Sadistically and Constituted Cruel and Unusal Punishment in Violation of the Eighth Amendment of the UNITED STATES CONSTITUTION.

2. The actions of Captain Jane Doe(Defendant) was her failuie to Supervise was pure Negligent Supervision to prevent the misuse of force was Cruel and Unusal Punishment a Violation of the Eighth Amendment.

3. Defendant(s) Detective(s) John Dezelic, and Detective John Doe and Correctional Officer Spattula were Malicious, and Sadistically done withot provacation, and the use of Excessive Force was Cruel and Unusal Punishment.

4. Defendant(s) Detective John Dezelic who falied to proved medical attention promply while driving to an NASSAU COUNTY POLICE DEPARTMET was Cruel and Unusual Punishment that left this Plaintiff in excessive pain for long period of time, and left this Plaintiff to suffer until after he made his official Arrest and the Compleation of filing of fictious charges.

5. Defendant(S) A.D.A. Carrado, and the Nassau County District Attorney failed to release the Plaintiff after a failuire to Indict the Plaintiff upon the Charge's that were contained within the Docket No.s 8116/14; 8117/14;8118/14; strained the Plaintiff of his Liberty, and the Plaintiff spent an Excess of apporxamately 40 Day's incarcerated and that the Plaintiff Suffered Due Process of the Law. A violation of The Fourteenth Amendment, and Eighth Amendment.

6. Defendant(s) the Nassau County District Attorneys office charged the Petitioner on or abourt May 15,2014. For an offence of Criminal Contempt an Second time, after previously served time for the same offence under Docket No.025660/09. In which 11-cv-0119(JFB)(GRB) arised and derrived from. This was Maliciously done to prevent this Plaintiff from being released from Custody a Violation of The Fifth Amendment, and an a Violation of the Eighth Amendment.

7. Defendant(s) Detective Tzimorals, Sergent Reilly,Jane Doe,John Doe A.D.A. Corrado, And Detective Nicolic removed Property from the Queens County Propert Clerk's Office without the permission and or Warrant. Detective Timoratatas took Property that was Vouchered from the Queens County propery Clerk's office with the Permission of Sergent Reilly and brought it to The Nassau County District Attorney's Office. The Plaintiff was deprived of his personal property.

8. Defendant(s) A.D.A. Carrao gave the plaintiff's personal preperty to Detective Anthony Nicolic in which was an Cell-Phone. Detective Nicolic the Petetioned to the Supreme Court of Nassau County for an Warrant to enter the Plaintiffs Cell-Phone, and also requested an Cell-Site request for the Cell Phone. Detective Nickolic was not as investagative party involved in the Criminal matter whatsoever, and the Planitff has been deprived of Personal Property.

9. Defendant(s) A.D.A Carrado and Detective Nicolic, and The Nassau County Disrtict Attorneys office CoConspired to enter this Cell-Phone to look for Incriminating Evidence, and went beyond the law and used other means of their personal opion other than the Law went they Illegally Obtained the Cell-Phone.

10. Defendant(s) A.D.A. Solone refused to release the Personal Property to the Defendant upon the Sentencing of the Plaintiff in Nassau County Supreme Court, and told the Plaintiff that the said Property will follow this Plaintiff inot the New York State Department of Corrections, and knowingly it did not. The Plaintiff wrote A.D.A. Solone, and sent her Certified mail, and she refuse to reply.

B. The events giving rise to this Claim(s) occured:

1. New York City Department of Corrections. (E.M.T.C.) C-76.
2. Nassau County Police Station- 3rd Percient.
3. Nassau County University Medical Center.
4. Queens County Propery Clerk's Office
5. Nassau County District Attorneys Office.

C. April 25,2014. The Plaintiff was Assaulted by way of Excessive Force.
1. May 1,2014. The Plaintiff was deprived of his Liberty.
2. May 15,2014 the Plaintiff was charged an Second time for an offence he had already served timme for.
3. August 22,2014. Personal Property was Illegaly obtained.

III. Injuries:

1. This Plaintiff suffered from substanital pain in his back, head and wrist. Numbness of the fingers, and wrist.
2. Not being able to maintain family ties from the deprivation of the Cell- Phone, lost contact of family.

IV. There was no need to Exhaust any administrative Remeidies, other thean making an verbal Complaint to The New York City Department of

Corrections soon thereafter this Plaintiff was Assaulted on Rikers Island this Plaintiff called the D.O.I. of the N.Y.C.D.O.C. and made an complaint and requested that the Video be perserved. The call was made at the Nassau County Police Department to N.Y.C.D.O.C.

V. Relief:

The actions of the Defendant(s) Spattula, Detective(s) John Doe and Jane Doe in using physical force against the Plaintiff without need or provacation constituted the Tort of Assault and Battery under the Penal Law of New York State.

1. The physical abuse of the Plaintiff by Defendant(s) Violated the Plaintiffs Right's to be free from Excessive Force, under the Eigth Amendment of the United Stated Constitution and constituted an Assault and Battery under State of New York law.

A. $100,000 jointly and severally against Defendant(s) Spattula, Detective(s) John Doe, and Jane Doe, and Captain Jane Doe, Dective John Dezelic for the physical and Emotional injuries sustained as a result of the Assault of the Plaintiff.

B. $100,000 jointly and severally against Defendant(s) Detective Tzimorates Sergent Reilly, A.D.A. Carrado, and A.D.A. Slone, and Detective Nicolic for obtaining Personal Property from the Property Clerk of Queens County without an Court Order, and for the deprivation of the Plaintiffs of his Personal Property in which Constituted a Violation of the IV,V. Amendments of the UNITED STATES CONSTITUTION.

C. 200,000 jointly and severlly against Defendant(s) A.D.A. Slone, and A.D.D. Jane Doe for charging the Plaintiff with an Felony in which the Plaintiff had already served time for, and for depriving of the Plaintiff Liberty in which is an Violation of the V,VI,VII Amendments of the United States Consitution.

Respestfully submitted
*[signature]*
DARIUS BURRIS

**ALTONA CORRECTIONAL FACILITY**
555 Devils Den Road, P.O. Box 3000
Altona, New York 12910

NAME: Burris, D            DIN: 16A1168

ALTONA
CORRECTIONAL FACILITY

neopost  045J83053759
$0.670
04/14/2017
Mailed From 12910
US POSTAGE

Legal Mail

Joseph F. Bianco
United States District Court (EDNY)
100 Federal Plaza
Central Islip, N.Y. 11722

RECEIVED
APR 17 2017
CLERK'S OFFICE
LONG ISLAND OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM**

NAME: _Burns, D_ DIN: _16A1684_

♲ Printed on Recycled Paper