UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DARIUS BURRIS,

                Plaintiff,

          -against-

NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY POLICE, QUEENS COUNTY
DISTRICT ATTORNEY, NEW YORK CITY
POLICE, HEMPSTEAD POLICE DEPARTMENT,
DETECTIVE DEZELIC, DETECTIVE GUBALLI,
LIEUTENANT BODEN, A.D.A. JOHN/JANE
DOE, DETECTIVE TZIMORATAS, DETECTIVE
PULEO, SERGEANT REILLY, DETECTIVE J.
DOE, P.O. MURPHY, P.O. J. DOE, SERGEANT J.
DOE, and LIEUTENANT J. DOE,

                Defendants.
-----------------------------------------------------------X

ORDER
14-CV-5540 (JFB)(GRB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2018 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation (the "R&R," Dkt. No. 145) from Magistrate Judge Gary R. Brown, recommending that the Court grant defendant Detective Tzimoratas's motion to dismiss the amended complaint. The R&R further recommends that the Court dismiss *pro se* plaintiff Darius Burris's claims against Tzimoratas with prejudice. The R&R was served on plaintiff on September 5, 2018. (*See* Dkt. No. 146.) Judge Brown instructed that any objections to the R&R be submitted within fourteen (14) days of service of the same. (R&R 12.) The deadline for submitting objections has since passed, and no party has objected to the R&R.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(C) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

Accordingly, IT IS HEREBY ORDERED that Tzimoratas's motion to dismiss (Dkt. No. 125) is granted, and that plaintiff's claims against Tzimoratas are dismissed with prejudice.

IT IS FURTHER ORDERED that counsel for Tzimoratas shall serve a copy of this Order on plaintiff and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Joseph Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018
Central Islip, New York