RECEIVED
APRIL 20TH 2021

BROOKLYN PRO SE OFFICE

DARIUS BURRIS

        Plaintiff,

  - against -

NOTICE to AMEND
COMPLAINT UNDER
CIVIL RIGHTS ACT
42 USC § 1983

JURY TRIAL DEMANDED

14-CV-5540

HON PAMELA K.CHEN

NASSAU COUNTY DISTRICT ATTORNEY CARRO
NASSAU COUNTY POLICE, DETECTIVE
Dezelie, Detective Grubath DECT Nicolie
Detictive JOHN DOE/JANE DOE,
N.Y.C Department of Corrections
c/o Spattula, Captin JaneDOE
N.Y.C. Police Dept Property Clerk
Sergent Reilly,

             DEFENDANTS,-

April 8th 2021

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 20 2021 ★

BROOKLYN OFFICE

PARTIES IN the COMPLAINT
A, PLAINTIFF, DARIUS BURRIS
        56 GRAFFINY RL
        FREEPORT, NY 11520.

B. DEFENDANT(S)
1. NYC Department of Corrections c/o Spattula employed at emtc C-76. he is sued IN his INDIVIDUAL CAPactiy
3. CAPTAIN JANE DOE Employed (emtc-C-76)
2. NASSAU County POLICE Dept, Detective Dezlie, Detictive JANE DOE/JOHN DOE Employed (3rd SQuAD Detictive Nicolie (3RD SQuAD) each Defendant is sued in their individual capacity
3. NYC POLICE Dept, PROPERTY Clerk John DOE/JANE DOE Sgt Reilly employed at NYC. Police Propert Clerk Queens

Statement of Claim

1.) As stated in Original Complaint, the Actions of Defendants c/o Spattula, (NYC DOC) Captin Jane Doe (NYC DOC) Nassau County Detectives (Jane Doe, John Doe), Used excessive Force against Plaintiff without Provocation and or failed to provident care custody and control, and caused Mallicious and Sadistacal, Cruel and Unusal Punishment in violation of Cruel and Unusal Punishment in violation of Eight Amendment of United States

2. The Actions of N.Y.C.D.O.C. Was failure to Prevent Cruel and Unusal Punishment as a futherance of filling an previous Complaint with D.O.I within N.Y.C.DOC. before incident involving c/o Spattula, in which Plaintiff Had filed against Capt Jane Doe/c/o Spattula. Said to bee in violation of Plaintiff's Rights that Safeguards Cruel and Unusal Punishment.'

3.) Defendants N.Y.C.P.D and Nassau County Police Dept. Mishandeled Plaintiff's Personal Property in which Led to deprivation of Personal Property by transfering of Property Without Order of Court below

Statement of Fact, A Claim of excessive force arrised upon transfering of Custody of Plaintiff from N.Y.C.D.O.C to Nassau County Police Dept to be arrested in a Criminal matter of Court below.

4.) upon Plaintiff's - Discharge from N.Y.C.D.OC. c/o Spattula became Verbal Abusive with Plaintiff and made Several ~~beating~~ threats of bodily Harm upon Plaintiff before Discharge.

Soon there After N.C.P.D allowed to transfer Plaintiff, Defendant c/o Spatula showed aggression upon Plaintiff while being handcuffed by (Defendant) Jane Doe/ John Doe (N.C.P.D.) AND Plaintiff WAS Assaulted by Slamming Plaintiff while hand was cuffed, bringing Plaintiff to the Ground by way of force by Several unknown N.Y.C.D.O.C. officers assisted. This CAUSED Plaintiff to be in excessive PAIN IN upper/lower back, ARMS AND FACE. Plaintiff WAS then brought by force to the awaiting unmarked CAR of N.C.P.D. c/o Spatula had Plaintiff's arms stretched high behind his back with his wrists tightened and Plaintiff WAS forced in CAR by Detectives of Nassau County.

While being transferred to the 3rd squad Plaintiff Requested Medical Attention, AND the Passenger Seat WAS forced back by Det. Dezie who Sat in front of Plaintiff.

While Plaintiff WAS Processed for Severa Hours he Complained of Medical Attention AND WAS left in excessive PAIN, until Process of Arrest WAS done.

After Process, Plaintiff WAS Searched, ~~Patdown~~ AND back-brace was Removed from Plaintiff in Order to be transferred to N.C.U.M.C. where Plaintiff WAS treated AND Released back into Custody of Police. Plaintiff's back brace WAS Never Recovered.

While Plaintiff was Held in custody in Nassau County Jail, he Recieved Medical treatment of Medication/Physical therapy for Back injury. Such Medical treatment, and therapy was given when Plaintiff was transfered to N.Y.S.D.O.C. Until Plaintiff was Released! Plaintiff used Brace to comfort fractured bones that was Reinjured from previous injury.

Plaintiff further States that a Phone Confrence was Held with Counsel of Defendants of Nassau County Concerning cell-Phone, Chain, Ring. Said Defendants Stated on Record that I would Release cell-Phone and Ring that was in Possen of Nassau County. Upon Plaintiff's day of Retruning of Property she Only was given a Ring! Said Counsel (Nassau County) Stated on Record that cell-Phone was in Possession and was Not6

Relif, Said Actions of Listed Defendants Caused Plaintiff excessive Pain, from the assault that constricted the tort of Assault and Battery. The Physical abuse of force Violates Plaintiff Rights to be free from excessive force, and Battery.
A. 100,000 Jointly and severally against Defendents Spatula, (NYCDOC) Jane Doe/John Doe N.C.P.D. Det. Drozelic for Phycal and Emotional injuries Sustanned as Result of Assault of Plantff
B. 2500 Jointly and Severlly against NYC.P.D. 3rd Reily] A.D.A. Carrado, ADA Stone Nassau

for Deprivial Plaintiff of Personal Property
which Constituted Violation of IU, V. Amendment

Injuries: back Pain, Head Trama, numbness of fingers
and wrist, Lost of family ties forsais loss of
Cell-Phone, and loss of beauties of life for
deprivation of Jewlery (CHAIN).

Please Take Notice, there was several attempts
to Locate Property, And moving Papers in Court below
to Locate said Property.

Date of injury is April 25, 2014. Place of Assault
N.Y.C.Doc C-76.
Queens County, and Nassau County are Places of
Property with no claim of Custody Report!

This Plaintiff Ask that the Court will give
Plaintiff, Any Assistance in thee Matter of Law being
A Layman of Laway, and Ask for any correction
that I may deem as being Law.
This Plaintiff, Request that of any other
reliff that this court may Deem As Just And
Proper
executed: April 8, 2021
Freeport N.Y. 1520                 Respectfully

Berris
56 Graffm Pl
Freeport, N.y.
11550



MID-ISLAND NY   117

13 APR 2021  PM 3   L

Hon  Pamela  K. Cohen
U.S. District Court EDNY
225 Cadman Plaza
Brooklyn, N.Y. 11201



11201-183299