UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DARIUS BURRIS,

                    Plaintiff,

           - against -

NASSAU COUNTY DISTRICT ATTORNEY,
NASSAU COUNTY POLICE, DETECTIVE
DEZELIC, DETECTIVE GUBELLI, A.D.A.
JOHN/JANE DOE, DETECTIVE PULEO,
SERGEANT REILLY, DETECTIVE J. DOE,
P.O. MURPHY, P.O. J. DOE, SERGEANT J.
DOE, LIEUTENANT J. DOE, C.O.
SPATARELLA, and CAPTAIN JANE DOE,

                  Defendants.[1]
---------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-5540 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

Plaintiff Darius Burris ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his constitutional rights in connection with his arrests on December 27, 2013, and April 25, 2014. (Complaint ("Compl."), Dkt. 1.) Before this Court is Defendant New York City Department of Correction ("DOC") Officer Robert Spatarella's ("Spatarella") motion to dismiss Plaintiff's excessive force claim in the Second Amended Complaint ("SAC"). (Dkts. 189, 190.) For the reasons explained below, Spatarella's motion is denied.

---

[1] The Court notes that Defendants Queens County District Attorney, New York City Police, Hempstead Police Department, Lieutenant Boden, and Detective Tzimoratas were terminated from this action on April 20, 2021 due to the fact that they were not named as defendants in Plaintiff's Second Amended Complaint. (*See* Dkt. 170, 14-CV-05540-PKC-ARL). Therefore, those Defendants are removed from the case caption. In addition, Captain Jane Doe, who Plaintiff did name as a defendant in this action (*see id.*), has been added to the case caption.

## BACKGROUND[2]

### I.      Relevant Facts

On April 25, 2014, Plaintiff was arrested by DOC and Nassau County Police Department officers after being released from DOC custody.  (SAC, Dkt. 170, at ECF[3] 2–3.)  Plaintiff alleges that, during his arrest, he was subjected to excessive force by Spatarella, an unidentified DOC officer, and several Nassau County Police Department detectives.  (*Id.*)  Spatarella "became verbal[ly] abusive with Plaintiff and made [] threats of bodily harm upon Plaintiff" during the arrest. (*Id.* at ECF 2.)  Spatarella "slam[med] Plaintiff while [Plaintiff's] hand was cuffed, bringing Plaintiff to the ground by way of force," which "caused Plaintiff to be in excessive pain in [his] back, arms[,] and face."  (*Id.* at 3.)  Spatarella "had Plaintiff's arms stretched high behind his back with his wrists tightened" while Plaintiff was being forced into the car.  (*Id.*)  During the car transfer, Plaintiff "requested medical attention," but did not receive any "until [the] process of [the] arrest was done," leaving him "in excessive pain[.]"  (*Id.*)  Plaintiff was subsequently transferred to a medical facility for treatment and then taken into custody at the Nassau County Correctional Center.  (*Id.* at ECF 3–4.)

---

[2] For the purposes of this motion, the Court accepts as true all factual allegations in the complaint. *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (reiterating that, on a motion to dismiss, the court must "accept as true all factual allegations and draw from them all reasonable inferences; but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations") (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## II.    Procedural History

On September 17, 2014, Plaintiff commenced this action while still incarcerated on his April 25, 2014, arrest[4] (Compl., Dkt. 1) and moved to proceed *in forma pauperis* (Dkt. 2), which was granted (Dkt. 6).  In the original Complaint, Plaintiff named the Nassau County District Attorney and Nassau County Police Department (collectively, the "Nassau County Defendants"), the Hempstead Police Department, and the New York City Police Department and Queens County District Attorney (collectively the "City Defendants") as defendants in the case caption.  (Compl., Dkt. 1, at ECF 1.)  Plaintiff did not name Spatarella or any John Doe defendants in the case caption of the original Complaint (*id.*), nor did he include Spatarella in the list of defendants[5] (*id.* at 3).  Nonetheless, Plaintiff named Spatarella in the body of his original Complaint as "Spattla" and made allegations against him.  (*Id.* at ECF 4.)

On October 2, 2014, the Court directed the United States Marshals Service ("U.S. Marshals Service") to effect service on Plaintiff's behalf.  (Dkt. 6.)  On October 30, 2014, noting that the U.S. Marshals Service "will not be able to effect service of the summons and complaint on the unnamed defendants without more information," the Court issued an order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), requesting that the Office of Corporation Counsel for the City of New York ("Corporation Counsel") "ascertain the full names of the individuals alleged to have interacted with the plaintiff on . . . April 25, 2014" and provide

---

[4] At the time Plaintiff filed his original Complaint, he was incarcerated at the Nassau County Correctional Center in East Meadow, New York.  (*See* Compl., Dkt. 1-1, at ECF 1.) Plaintiff was released from custody in April 2018.  (*See* Dkt. 138.)

[5] In the list of defendants, Plaintiff included the governmental defendants (i.e., Nassau County District Attorney, Nassau County Police Department, Hempstead Police Department, New York City Police Department, and Queens County District Attorney), and multiple individually named and unnamed officials from those governmental entities.  (Compl., Dkt. 1, at ECF 3.)

"address(es) where each defendant can be served." (Dkt. 7, at ECF 1–2 ("*Valentin* Order")).)[6]  On December 17, 2014, the Court stayed this action pending resolution of Plaintiff's parallel state criminal proceeding (Dkt. 20) and directed Corporation Counsel to respond to the *Valentin* Order no later than 30 days after the stay was lifted (Dkt. 35).  By letter filed on November 18, 2015, "[P]laintiff notified the court that there ha[d] been a guilty verdict in his underlying criminal matter."  (12/02/2015 Docket Order; *see* Pl.'s 11/18/15 Letter, Dkt. 37.)  Plaintiff was sentenced on March 31, 2016.  (*See* 03/30/2016 Docket Order.)

Soon after Plaintiff's sentencing, the Nassau County and City Defendants, and Hempstead Police Department each filed a motion to dismiss Plaintiff's claims.  (Dkts. 61, 65, 70.)  "In light of the potentially dispositive nature of the motion," on June 2, 2016, the Court ordered that "defendants need not comply with the *Valentin* Order until the motion is resolved."  (Dkt. 62.)  On March 29, 2017, the Court dismissed all of Plaintiff's claims, except his excessive force claims against the Nassau County and City Defendants.  *See Burris v. Nassau Cty. Dist. Att'y*, No. 14-CV-5540 (JFB) (GRB), 2017 WL 1187709, *2–3 (E.D.N.Y. Mar. 29, 2017).

On April 17, 2017, Plaintiff filed an amended complaint ("First Amended Complaint" or "FAC"), which specifically requested leave to add parties listed as "New York City Department of Corrections C.O. Spatula," a "Correction Officer employed at (E.M.T.C. C-76)," under the section "Defendant(s)," and referred to Spatarella as "Spattula" throughout the pleading.  (Dkt. 108, at ECF 1–3, 6.)  On April 20, 2021, Plaintiff filed the SAC, where Spatarella's name, spelled as "C/O Spattula," was listed as a defendant in the case caption and also appeared in the body of the complaint.  (Dkt. 170, at ECF 1–4.)

---

[6] At that time, the Honorable Joseph F. Bianco was the presiding district judge in this matter.

On March 25, 2022, the Court denied the Nassau County Defendants' motion to dismiss Plaintiff's SAC regarding the excessive force and deliberate indifference claims. (Dkt. 175.) In the same Memorandum & Order, the Court also held that for the same reasons, "Plaintiff has adequately stated excessive force and deliberate indifference claims against Officer Spattula," whose name, the Court noted, was "spelled throughout Plaintiff's filings as 'Spattula' or 'Spatula'" but was "not listed in the case caption as a defendant and has not appeared in this case." (*Id.* at ECF 2 n.3 (internal citations omitted).) Accordingly, the Court directed the Clerk of Court to "add Officer Spattula to the case caption as a defendant" and requested that Corporation Counsel notify the Court whether their office represented "Spattula" in this action. (*Id.*) By letter dated June 27, 2022, the City Defendants' attorneys identified "Spattula" as DOC Officer Robert Spatarella and confirmed their representation of him in this matter. (Dkt. 181, at ECF 1.) On November 7, 2022, Spatarella filed the instant motion to dismiss Plaintiff's excessive force claim against him "pursuant to Fed. R. Civ. P. 12(b)(6) . . . both because Plaintiff failed to serve him pursuant to Fed. R. Civ. P. 4(m) and because the claim is time-barred." (Dkt. 190, at ECF 6, 9–11.) Plaintiff opposes the motion. (Dkt. 195.)

## LEGAL STANDARDS

While Spatarella's motion cites only Federal Rule of Civil Procedure ("Rule") 12(b)(6) as the basis of its motion, the Court construes it as, in part, being made under Rule 12(b)(5) for insufficient service of process and, in part, raising a statute of limitations affirmative defense to be considered under Rule 12(b)(6). *See Weisz v. Sarma Collections, Inc.*, No. 21-CV-6230 (PMH), 2022 WL 1173822, at *1 n.1 (S.D.N.Y. Apr. 20, 2022) (noting that because the defendant failed to identify the grounds for dismissal, the court "construe[d] the motion as one made under Rule 12(b)(1) because the arguments in the moving memorandum of law make clear that the motion

5

seeks to dismiss . . . for lack of subject matter jurisdiction"); *Matter of Trs. Established Under the Pooling & Servicing Agreements Relating to the Wachovia Bank Com. Mortg. Tr. Com. Mortg. Pass-Through Certificates, Series 2007-C30*, 375 F. Supp. 3d 441, 446 (S.D.N.Y. 2019) ("[T]he Court has an independent obligation to apply the correct legal standard[.]").[7]

### I.     Motion to Dismiss under Rule 12(b)(5)

"For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'" *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.") (citation omitted). To survive a motion to dismiss for insufficient service of process under Rule 12(b)(5), "the plaintiff bears the burden of establishing that service was sufficient." *Allstate Ins. Co. v. Rosenberg*, 771 F. Supp. 2d 254, 260 (E.D.N.Y. 2011) (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order)).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Under Rule 4, a plaintiff must serve the summons and complaint on a

---

[7] Furthermore, as discussed, the Court has already ruled that "Plaintiff has adequately stated excessive force and deliberate indifference claims against Officer Spattula" (Dkt. 175, at ECF 2 n.3), which is therefore the law of the case. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." (citations and internal quotation marks omitted)).

defendant within 90 days[8] of filing the complaint.  Fed. R. Civ. P. 4(c)(1); 4(m).  If a plaintiff fails to effect service on a defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Furthermore, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*; *see also Canady v. Correct Care Sols.*, No. 15-CV-4893 (KMK), 2017 WL 4280552, at *9 (S.D.N.Y. Sept. 25, 2017) (noting that when a plaintiff has demonstrated good cause, the extension to serve is mandatory) (citing *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997)).

## II.    Motion to Dismiss for Failure to Comply with Statute of Limitations

"A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Rule 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on such grounds, because expiration of the statute of limitations presents an affirmative defense."  *La Russo v. St. George's Univ. Sch. of Medicine*, 936 F. Supp. 2d 288, 296–97 (S.D.N.Y. 2013) (internal citations omitted); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). "The standards and procedures under Rule 12(b)(6) thus aptly apply to motions to dismiss upon

---

[8] At the time Plaintiff filed the original Complaint on September 17, 2014, the period prescribed by Rule 4(m) was 120 days.  Rule 4(m) has subsequently been amended to shorten that period to 90 days, which took effect on December 1, 2015.  *See* Fed. R. Civ. P. 4(m), Comm. Notes 2015 Am. ("The presumptive time for serving a defendant is reduced from 120 days to 90 days."). Because Plaintiff initiated this action before December 1, 2015, he gets the benefit of the longer service period.  *See, e.g.*, *Soos v. Niagara Cnty.*, 195 F. Supp. 3d 458, 464 (W.D.N.Y. 2016) (applying the 120-day time period where complaint was filed before amendment to Rule 4(m)); *Kitsis v. Home Attendant Vendor Agency, Inc.*, No. 15-CV-6654 (FB), 2016 WL 8234676, at *2 n.1 (E.D.N.Y. Dec. 12, 2016) (same).

the affirmative defense of statute of limitations." *Adams v. Crystal City Marriott Hotel*, No. 02-CV-10258 (PKL), 2004 WL 744489, at *3 (S.D.N.Y. Apr. 6, 2004).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (quoting *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The plausibility standard under Rule 12(b)(6) requires "more than a sheer possibility that a defendant has acted unlawfully," and determining whether a complaint meets this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 678–79).  For purposes of this analysis, the Court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  *Pro se* complaints "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 93 (internal quotation marks omitted).

### III.     Statute of Limitations for Section 1983 Claims

Because there is no federal statute of limitations governing actions brought pursuant to Section 1983 actions, courts apply the forum state's general personal injury statute of limitations.

*Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). In an action arising in New York pursuant to Section 1983, New York's general statute of limitations for personal injury actions, which is three years, supplies the applicable statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R § 214(5)).

While the applicable limitations period is determined by state law, the accrual date "is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Pearl*, 296 F.3d at 80 ("Federal law determines when a section 1983 cause of action accrues."). "A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (internal quotation marks and citations omitted). "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980).

## DISCUSSION

As discussed, the Court construes Spatarella as moving to dismiss Plaintiff's excessive force claim: (1) pursuant to Rule 12(b)(5) on the basis that "Plaintiff failed to serve him," and (2) pursuant to Rule 12(b)(6) on the basis that Plaintiff's Section 1983 "claim is time-barred." (Dkt. 190, at ECF 6.)

For the reasons set forth below, the Court denies Spatarella's motion in its entirety.

## I.    Personal Service

Spatarella argues, in sum, that he should be dismissed from this case because the SAC was not timely served on him, that Plaintiff cannot show "colorable excuse" for the untimely service, and that Spatarella will be prejudiced in defending himself because it has been eight years since

9

the alleged incident occurred.  (*See* Dkt. 190, at ECF 10.)  The Court addresses each of these arguments and finds none availing.

### A.    Untimely Service Does Not Warrant Dismissal Where Good Cause is Shown.

Spatarella contends that he was named as a defendant at the earliest "at the time of the filing of [Plaintiff's SAC]" on April 20, 2021, and at the latest when "the Court instructed the Clerk of Court to include him in the caption on or about March 25, 2022."  (Dkt. 190, at ECF 10.)  Accordingly, Spatarella argues that because 90 days have passed since the latest possible date (i.e., March 25, 2022), and he still has not been served by Plaintiff, the SAC should be dismissed as to him.  (*Id.*)  The Court disagrees.

Although Spatarella is correct that he has not been served with the SAC, he has not demonstrated that this failure requires the dismissal of Plaintiff's SAC.  When a plaintiff fails to serve a defendant "within [the period for service provided by Rule 4(m)] after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  When a court grants a *pro se* plaintiff leave to proceed *in forma pauperis*, it "shift[s] the responsibility for serving the complaint from [the plaintiff] to the court" and thus "the Marshal's Office—not the plaintiff—is primarily responsible for effecting service."  *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *Kavazanjian v. Rice*, No. 03-CV-1923 (FB) (SMG), 2005 WL 1377946, at *2 (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] . . . cases.")).  Thus, a *pro se* plaintiff may avoid dismissal under Rule 4(m) if he "indicated to the court his reliance on service by the Marshals[.]"  *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986).  As long as a *pro se* litigant

proceeding *in forma pauperis* "provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." *Ruddock v. Reno*, 104 F. App'x 204, 206–07 (2d Cir. 2004) (collecting cases from several other circuits). "[T]he Court has an obligation to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training[,]" *Canady*, 2017 WL 4280552, at *10 (internal quotation marks and citations omitted), as well as their lack of resources, *Valentin*, 121 F.3d at 75 ("From [Plaintiff's] place of incarceration, it is hard to see what investigative tools would be at his disposal to obtain further information on [Defendants'] identit[ies].").

Here, as a *pro se* litigant proceeding *in forma pauperis*, Plaintiff is entitled to rely on the U.S. Marshals Service to effect service. *Meilleur v. Strong*, 682 F.3d 56, 62 (2d Cir. 2012) ("'[A]n incarcerated *pro se* litigant proceeding *in forma pauperis* . . . [is] entitled to rely on service by the U.S. Marshals.'") (quoting *Romandette*, 807 F.2d at 311). After granting Plaintiff's request to proceed *in forma pauperis*, the Court directed the U.S. Marshals Service to effect service on Plaintiff's behalf. (Dkt. 6.) Noting that "the U. S. Marshals will not be able to effect service of the summons and complaint on the unnamed defendants without more information," the Court subsequently issued a *Valentin* Order, requesting the City Defendants' counsel, Corporation Counsel, to "ascertain the full names of individuals *alleged to have interacted with the plaintiff* on . . . April 25, 2014" (emphasis added), and provide "address(es) where each defendant can be served" (Dkt. 7, at ECF 1–2). Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).

11

**B.        Plaintiff Has Demonstrated Good Cause.**

Spatarella also contends that "even if . . . the initial *Valentin* Order survived the first round of motion practice with City [D]efendants," Plaintiff failed to "alert the Court to the purportedly outstanding response over the many years that this matter has been litigated" due to his "complete lack of diligence." (Dkt. 197, at ECF 4.)  Not only does this argument improperly shift the burden to Plaintiff—it ignores the facts.

1.        Corporation Counsel Failed to Comply with the *Valentin* Order.

Spatarella argues that Corporation Counsel was relieved of its *Valentin* obligations by a court order dated June 2, 2016 (*see* Dkt. 190, at ECF 7), and the *Valentin* Order was subsequently extinguished at the conclusion of the City Defendants' first round of motion practice (*see* Dkt. 197, at ECF 3).  The record in this case, however, suggests the contrary—the *Valentin* Order remained in effect after the Court decided on the City Defendants' first round of motions on March 29, 2017. (Dkt. 103.)  Although the Court stayed this action during the period when resolution of Plaintiff's parallel state criminal proceeding was pending (Dkts. 20, 35) and temporarily relieved Corporation Counsel of its *Valentin* obligations "[i]n light of the potentially dispositive nature of the [City Defendants'] motion [to dismiss]," the Court specifically ordered that Corporation Counsel's *Valentin* obligations were only stayed "*until the motion is resolved.*" (Dkt. 62 (emphasis added).) In addition, given the fact that the Court partially denied the City Defendants' motion dismissing Plaintiff's claims—including his excessive force claim—and that there were at least two City defendants who remained unidentified[9] at the time of the Court's decision (*see* Dkt. 103, at ECF 1–2, 5), it can hardly be said that Corporation Counsel's *Valentin* obligations were extinguished at

---

[9] The two unidentified City defendants were a New York City Police Department officer and an Assistant District Attorney in the Queen's County District Attorney's Office.  (Dkt. 103, at ECF 1.)

12

the conclusion of their motion.  Therefore, the *Valentin* Order survived the conclusion of the City Defendants' first round of the motion practice and resumed on March 29, 2017.

After their motion was resolved, however, Corporation Counsel failed to comply with its *Valentin* obligations to identify the remaining unidentified defendants—including Spatarella—even after Plaintiff twice amended his complaint and referred to Spatarella throughout both the pleadings.  (Dkts. 108, 170.)  It was not until 2022 when the Court directed the Clerk of Court to add Spatarella to the case caption as a defendant and directed Corporation Counsel to notify the Court whether their office represented Spatarella—almost eight years after the Court issued the *Valentin* Order and five years after Corporation Counsel's *Valentin* obligations resumed—that Corporation Counsel finally complied with the Order in seeking to discover Spatarella's identity.  (Dkt. 181.)  Thus, it was Corporation Counsel's failure to fully or timely comply with the *Valentin* Order that resulted in Spatarella not being properly named in the complaint in this case.

### 2.     Plaintiff Provided the Necessary Information to Identify Spatarella.

Spatarella also argues that it was not until the FAC that Plaintiff "for the first time . . . referenced 'C.O Spatula' or 'Spattula' as an individual who may have used excessive force against Plaintiff" and that it was not until the SAC that Plaintiff "provided details of the alleged excessive force attributed to 'Officer Spattula.'"  (Dkt. 190, at ECF 7–8.)  Again, the Court disagrees.

A review of the record reveals that from the very beginning of this litigation, Plaintiff furnished all of the particulars about Spatarella's identity that Plaintiff had in his possession numerous times throughout his filings: Spatarella's surname (spelled as "Spattla" or "Spattula"), the correctional facility and the unit to which Spatarella was assigned, and the date of the incident in which Spatarella was allegedly involved.  Specifically, it is clear from Plaintiff's original Complaint that he already identified "Spattla" as "N.Y.C. Dept. of Corrections [s]taff" and

specified in detail that "Spattla" had used excessive force against him. (Compl., Dkt. 1, at ECF 4.) Indeed, Plaintiff alleged that "[his] arms [were] handcuffed behind [his] back and [were] lifted way above [his] head by . . . Spattla," which caused him "excessive pain," and that Plaintiff "requested medical treatment," but was not treated until after he was "booked and fingerprinted." (*Id.*) In addition, in his FAC, Plaintiff requested leave to add defendants, including specifically "New York City Department of Corrections C.O. Spatula," a "Correction Officer employed at (E.M.T.C. C-76)," and made allegations against "Spattula" in the body of the FAC. (FAC, Dkt. 108, at ECF 1–3, 6.) Once more, in his SAC, Plaintiff listed Spatarella as "C/O Spattula" in the case caption as a defendant and provided details of his excessive force claim against "C/O Spattula" throughout the pleading. (SAC, Dkt. 170, at ECF 1–4.) "In the face of this data, at least some inquiry should have been made as to whether such an officer exists and could readily be located." *Valentin*, 121 F.3d at 75.

It is unclear why Spatarella was not identified by Corporation Counsel during the eight years of this litigation until after the Court directed the Clerk of Court to add Spatarella to the case caption as a defendant, and directed Corporation Counsel to advise the Court whether they represented him. (Dkt. 175, at ECF 2 n.3; 3/25/2022 Docket Order; *see* Dkt. 181 (6/27/22 Corporation Counsel Letter identifying Spatarella and confirming representation of him).)[10] But

---

[10] The Court surmises that because of the 2-1/2 year stay of the *Valentin* order—first while Plaintiff's underlying criminal case was pending and then while the City Defendants' motions were pending—that Corporation Counsel simply forgot about the *Valentin* order after the motions were decided. (*See* 12/17/2014 Order, Dkt. 20 (granting stay on responding to *Valentin* order pending criminal matter); 6/9/2015 Order, Dkt. 35 (extending stay until 30 days after criminal matter concluded); 6/2/2016 Order, Dkt. 62 (ordering that "defendants need not comply with the *Valentin* Order until [Defendants' motion to dismiss] is resolved"); 3/29/2017 Mem. & Order, Dkt. 103 (resolving Defendants' motion).) Contrary to Spatarella's argument, however, it was not Plaintiff's responsibility to remind Corporation Counsel about it.

it was not because Plaintiff failed to supply sufficient information in his repeated filings to permit Corporation Counsel to identify Spatarella. *See Toliver v. Dept. of Corrections*, No. 10-CV-5806 (SHS), 2011 WL 3368472, at 3* (S.D.N.Y. July 26, 2011) (finding that the plaintiff who "specified that [defendant] is a male security captain who works in G.R.V.C. at Riker's Island" is deemed to have provided "information necessary" to identify defendant to constitute good cause under Rule 4(m)).

Thus, Plaintiff has demonstrated good cause for failing to complete service according to the requirements of Rule 4(m).

### C. Spatarella Has Actual Notice of the Instant Litigation.

In addition to the "special solicitude afforded to *pro se* civil litigants," *Canady*, 2017 WL 4280552, at *10, "[t]he Second Circuit has held that [Rule] 4 is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *McNulty v. Yaneka*, No. 11-CV-08320 (ER), 2013 WL 684448, at *4 (S.D.N.Y. Feb. 25, 2013) (internal citations and quotation marks omitted). Here, Defense Counsel Richard Bahrenburg, Esq.[11] and Luc C. Pierre-Louis, Esq. entered notices of appearance on behalf of Spatarella on June 27, 2022 (Dkt. 181) and July 25, 2022 (Dkt. 183), respectively, and litigated this case on his behalf through the instant motion.[12]   The Court therefore infers that Spatarella has actual notice of the

---

[11] At the time when Richard Bahrenburg, Esq. entered the notice of appearance on behalf of Spatarella on June 27, 2022, he noted that "[t]his matter is assigned to Assistant Corporation Counsel Luc C. Pierre-Louis who is awaiting admission to the Eastern District of New York and is handling the case under [Richard Bahrenburg's] supervision." (Dkt. 181, at ECF 1 n.1.)

[12] By an order dated January 31, 2023, the Court granted a motion to substitute Luc C. Pierre-Louis, Esq. with Nicolette Pellegrino, Esq. as defense counsel for Spatarella, who has been representing Spatarella since then. (*See* 1/31/2023 Docket Order.) In the Motion to Substitute, Nicolette Pellegrino noted that "[t]his case is being handled, under [Nicolette Pellegrino's] supervision, by Assistant Corporation Counsel Mary Jane Anderson, who is not yet admitted to the New York State Bar." (Dkt. 199, at ECF 1 n.1.)

instant litigation.  *See Sidney v. Wilson*, 228 F.R.D. 517, 524 (S.D.N.Y. 2005) (finding that a defendant who had retained private counsel clearly had received actual notice of the complaint).

**D.      Spatarella Fails to Demonstrate Any Prejudicial Effect Against Him.**

Finally, while Spatarella asserts that "requiring [him] to defend[] against Plaintiff's claims more than eight years after the alleged underlying incident occurred would be highly prejudicial to [him]"  (Dkt. 190, at ECF 10), he fails to "make any specific allegations to demonstrate that prejudice occurred" or "offer[] . . . facts to substantiate that assertion"—for example, "the loss or destruction of relevant evidence, or the inability to locate key witnesses" by allowing the suit to continue—"except a conclusory argument to that effect."  *Husowitz v. Am. Postal Workers Union*, 190 F.R.D. 53, 58 (E.D.N.Y. 1999).  Indeed, given that Spatarella's co-defendants, all of whom are facing the same claims for the same incident and some of whom are represented by Spatarella's counsel, have been litigating this matter since it was filed, substantially mitigates, if not eliminates, any prejudice Spatarella faces in defending himself in this case.[13]

\*      \*      \*

In sum, given the Second Circuit's "clearly expressed preference that litigation be resolved on the merits," *Canady*, 2017 WL 4280552, at \*10 (internal quotation marks and citations omitted) and its guidance that "'incomplete or improper service will lead the court to dismiss the action *unless it appears that proper service may still be obtained*[,]'" *Romandette*, 807 F.2d at 311 (emphasis added)—as well as the facts showing good cause for Plaintiff's failure to effect timely

---

[13] The Court notes that discovery closed in November 2020.  (*See* 11/19/2020 Defense Letter, Dkt. 165; 11/23/2020 Docket Order ("All discovery is closed.").)  Should Spatarella need additional time to conduct discovery in light of the Court's ruling in this Memorandum & Order, he may request leave to do so.

service on Spatarella and that Spatarella has actual notice of the instant action—the Court denies Spatarella's motion under Rule 12(b)(5) to dismiss this case for failure to serve process.

## II.    Statute of Limitations Affirmative Defense

Spatarella also maintains that Plaintiff's excessive force claim against him must be dismissed because it is time-barred under the applicable statute of limitations and does not relate back to the original filing.  (Dkt. 190, at ECF 11.)

### A.    Plaintiff's Claim Against Spatarella is Not Time-Barred.

Spatarella asserts that given the three-year statute of limitations in this case, Plaintiff's claim for excessive force against him "would have accrued on April 25, 2014 and expired on or about April 25, 2017." (*Id.* at ECF 12.)  Spatarella further contends that "[e]ven accounting for the stay in this matter from December 17, 2014 until May 3, 2018 . . ., Plaintiff would have had to name [him] by September 11, 2020 in order for [Plaintiff's] claim to be considered timely." (*Id.*) Thus, Spatarella argues, because Plaintiff "did not allege any specific claims against [him] until the filing of the [SAC] on or about April 20, 2021—well after the statute of limitations had expired[,]" his "excessive force claim is time-barred and should be dismissed." (*Id.*)

Contrary to Spatarella's arguments, read fairly and liberally, Plaintiff's first two complaints—both of which were filed before April 25, 2017—already named Spatarella (albeit spelled incorrectly), as a defendant and raised specific claims against Spatarella.  (*See* Dkts. 1, 108.)  As noted above, Plaintiff's original Complaint specified in detail that "[his] arms [were] handcuffed behind [his] back and [were] lifted way above [his] head by . . . Spattla, with the help of Nassau County detectives" and that the "alteration was ignited by C.O. Spattla[.]"  (Compl., Dkt. 1, at ECF 4.)  Plaintiff alleged that as a result of "Spattla's" and the other officers' conduct, Plaintiff was "in excessive pain and requested medical treatment," that he was not treated until

17

after he was "booked and fingerprinted[,]" and that he later "had to return [to the medical facility] a second time" for treatment. (*Id.*) Plaintiff also alleges that his "back brace" was lost during the incident. (*Id.*) Again, in the FAC, Plaintiff alleges that on "April 25, 2014 . . . [he] was [a]ssaulted by way of [e]xcessive [f]orce" by "C.O. Spatula," and as a result of the excessive force, "[he] suffered from substan[tial] pain in his back, head and wrist[,] and [n]umbness [in his] fingers [] and wrist." (Dkt. 108, at ECF 1, 5). Plaintiff further alleges that "[t]he actions of Defendant[] SPATTULA . . . in using excessive Force against the Plaintiff without need or provocation . . . were done Maliciously and Sadistically and Constituted Cruel and Unusal [sic] Punishment[.]" (*Id.* at ECF 3.) Therefore, both the original Complaint and FAC provided specific details identifying Spatarella as one of the perpetrators of the alleged unconstitutional conduct and describing that conduct.

While not raised by either party on this issue, the Court notes that neither the caption nor the list of defendants in the original Complaint included Spatarella as a defendant (Compl., Dkt. 1), and the FAC's caption also did not name Spatarella (Dkt. 108). Rule 10(a) provides that "[e]very pleading must have a caption" and that the "title of the complaint must name all parties" to a lawsuit. Fed. R. Civ. P. 10(a). However, "Rule 10 is, of course, subject to the command 'never to exalt form over substance.'" *Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (summary order) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)). "Although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction." *Goldman v. C.I.R.*, 112 F.3d 503, 1997 WL 196677, at *3 (2d. Cir. 1997) (citations omitted); *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Loc. 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) ("[T]he caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim.") (internal

18

quotation marks omitted); *Curran v. Lee*, 484 F.2d 1348, 1349 n.2 (2d Cir. 1973) (quoting Fed. R. Civ. P. 25(d) ("Any misnomer in the caption of this action is treated as one 'not affecting substantial rights of the parties.'")). Rather, in assessing who is a proper party to a lawsuit, courts consider "'[t]he caption, pleadings, service of process and other indications of the intent of the pleader.'" *E.E.O.C.*, 139 F. Supp. 2d at 525 (quoting *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995)). Courts in this Circuit "'excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party.'" *Id.* (quoting *Phillips*, 408 F.3d at 128). In particular, "[p]ro se pleadings . . . warrant especially liberal construction and should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" *Shariff*, 689 F.App'x at 19 (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). "[I]t is 'entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities[.]'" *Id.* (internal citations omitted).

Indeed, courts in this Circuit have found *pro se* complaints to sufficiently plead claims against defendants who are not even named in the caption or the list of defendants when there are adequate factual allegations in the body of the complaints to establish that the plaintiff intended them as defendants. *See, e.g.*, *Brown v. New York City Dept. of Corrs.*, No. 16-CV-6077 (CBA) (LB), 2018 WL 2389718, at *1 n.1 (E.D.N.Y. May 23, 2018) (construing the *pro se* plaintiff's complaint liberally as naming the individuals who were not named in the caption or included in the list of defendants as parties when plaintiff made allegations against them); *Brazley v. ACS*, No. 16-CV-07138 (LDH) (PK), 2017 WL 4621951, at *1 n.1 (E.D.N.Y. Oct. 13, 2017) (liberally construing the complaint as against all of the defendants that plaintiff named whose names did not

19

appear in the caption of the complaint but the defendants' names and a short description of their conduct were included in the body of the complaint); *Gibson v. Brown*, No. 12-CV-622 (KAM) (RLM), 2012 WL 1744845, at *1 (E.D.N.Y. May 16, 2012) (deeming caption amended to include defendants listed in body of complaint but not named in original caption); *Ocasio v. Riverbay Corp.*, No. 06-CV-6455 (PAC) (KNF), 2007 WL 1771770, at *7 (S.D.N.Y. June 19, 2007) (finding that the text of the complaint established individual as intended defendant despite lack of specificity in the caption); *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 531 (E.D.N.Y. 1997) (finding plaintiff sufficiently alleged personal involvement of certain individuals even though he failed to name them as defendants in the caption or body of the complaint).

In the instant case, although Plaintiff did not list Spatarella as a defendant in the case captions of his original Complaint and FAC, it is abundantly clear that Plaintiff intended to bring claims against Spatarella because, as described above, Plaintiff made specific allegations against Spatarella in the body of his pleadings. (Compl., Dkt. 1, at ECF 4; Dkt. 108, at ECF 2–3, 6.) Therefore, "[c]asting a 'lenient eye' on *pro se* pleadings," *Shariff*, 689 F. App'x at 19, and avoiding "exalt[ing] form over substance," *id.*, the Court construes Plaintiff's complaints as having asserted claims against [Spatarella], despite the failure to list [him] in the caption." *See JCG v. Ercole*, No. 11-CV-6844 (CM) (JLC), 2014 WL 1630815, at *16 (Apr. 24, 2014), *report and recommendation adopted*, 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

**B.    Plaintiff's SAC Relates Back to the Original Complaint.**

Even assuming, *arguendo*, that the description of Spatarella is insufficient to consider him to have been named as an original defendant in the original Complaint, the Court nonetheless finds that Plaintiff's SAC relates back to his original Complaint under Rule 15(c)(1)(C) to overcome the statute of limitations hurdle.

20

The relation back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). Under Rule 15(c)(1), a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Because the statute of limitations period in this case derives from state law, Rule 15(c)(1)(A) directs the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *see also* Fed. R. Civ. P. 15(c)(1), Advisory Comm. Notes 1991 Am. ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

Spatarella argues that Plaintiff's SAC does not relate back to the original filing under either federal or state law. (Dkt. 190, at ECF 12–17.) The Court disagrees.

          1.     Relation Back Under Federal Law Rule 15(c)(1)(C)

Rule 15(c)(1)(C) provides the standards for the relation back doctrine under federal law, which allows an amended complaint adding a new party to relate back to the date of the original pleading if four requirements are satisfied:

(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and . . . the original complaint [was] filed within the limitations period."

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir.1995)). Regarding the first requirement, there is no dispute here that the "new claim" that Plaintiff seeks to assert in the SAC against Spatarella clearly arises out of the same occurrence set forth in his original Complaint and that the original Complaint was filed within the limitations period. However, Spatarella maintains that Plaintiff fails to satisfy the second and third requirements set forth above, asserting that he received no actual or constructive notice of Plaintiff's claim against him before the statute of limitations had run, and Plaintiff's failure to name him in the initial pleading cannot constitute a mistake under Rule 15(c)(1)(C). (Dkt. 190, at ECF 13–16.)

### a.    Rule 15(c)(1)(C)(i): Notice

To relate back under Rule 15(c)(1)(C), the party to be added must have received notice of the action within the time period proscribed by Rule 4(m). *See* Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m). "The newly named party's actual or constructive notice of the suit satisfies the notice requirement." *Edwards v. City of New York*, No. 14-CV-10058 (KBF), 2015 WL 5052637, at *5 (S.D.N.Y. Aug. 27, 2015) (citing *Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82 (2d Cir. 2014) (summary order)). When actual notice is absent, "[t]he court can impute [constructive notice] of a lawsuit to a new defendant government official through his attorney, when the attorney also represents the official(s) originally sued so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit." *Velez v. Fogarty*, No.

22

06-CV-13186(LAK) (HBP), 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008); *Mosley v. Jablonsky*, 209 F.R.D. 48, 53 (E.D.N.Y. 2002); *Ramos v. Police Officer Maureen Engels*, No. 15-CV-1081 (ARR) (LB), 2016 WL 3619534, at *4 (E.D.N.Y. June 3, 2016), *report and recommendation adopted*, 2016 WL 3640684 (E.D.N.Y. June 29, 2016) ("Constructive notice has specifically arisen in the context of a plaintiff seeking to add a new government official as a defendant when plaintiff has already named government officials as defendants.") "Constructive notice is derived from the presumed knowledge of the attorney who represents the original defendant(s) and who would represent the prospective defendant(s) if leave to amend were granted." *Feliciano v. Cnty. of Suffolk*, No. 04-CV-5321(JS) (AKT), 2013 WL 1310399, at *8 (E.D.N.Y. Mar. 28, 2013) (quoting *Smith v. Westchester Cnty. Dep't of Corr.*, No. 07-CV-1803(SAS), 2012 WL 527222, at *4 (S.D.N.Y. Feb. 15, 2012)). "In deciding whether the government attorney possessed the requisite knowledge, the question is whether the attorney 'knew or should have known that the defendants . . . would be named' within the limitations period." *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 139 (E.D.N.Y. 1998) (quoting *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989)).

In the instant case, Spatarella argues that he "never received actual notice of the claims against him prior to the running of the statute of limitations since he was never named as a defendant or served with process." (Dkt. 190, at ECF 14.) In addition, Spatarella contends that constructive notice should not be imputed to him through his defense counsel either, "because (1) he was not represented by [Corporation Counsel] prior to June 2022; (2) there was no 'John Doe Correction Officer' placeholder in the caption of the original Complaint suggesting to [Corporation Counsel] that [P]laintiff intended to sue an unnamed DOC officer; (3) there were no specific allegations of the alleged force that would have placed [Corporation Counsel] on notice of a viable

claim against [him]; (4) [Corporation Counsel] has not appeared in this action since [] 2018 [when] . . . all claims against any City [defendants] were dismissed . . . ; and (5) Plaintiff took no steps to litigate any purported claims against [him] over the past eight years of this litigation." (*Id.*) Spatarella concludes that requiring him to defend the action at this late stage "would be highly prejudicial." (*Id.*)  The Court disagrees with each of Spatarella's contentions.

To begin with, as noted above, at the time Plaintiff filed his original Complaint on September 17, 2014, the service time period prescribed by Rule 4(m) was 120 days. *See supra* footnote 7.  Therefore, Spatarella must have received notice of the action by January 15, 2015—120 days from the date Plaintiff filed his original Complaint.  While there is no indication in the record that Spatarella received actual notice of this action within the Rule 4(m) period, the Court finds that he received constructive notice of this suit within that period.  During the 120-day service period, Corporation Counsel, who represented the City Defendants named in the original Complaint—and would later represent Spatarella after he was added as a defendant—were fully on notice of Plaintiff's original Complaint and its contents on December 8, 2014.[14]  (Dkt. 21.) Furthermore, contrary to what Spatarella argues, Plaintiff clearly identified Spatarella in the original Complaint as "Spattla," an "N.Y.C. Dept. of Correction[] [s]taff" and made specific allegations of the excessive force against him. (Compl., Dkt. 1, at ECF 4.)  Because of Corporation Counsel's anticipated representation of all of the City Defendants, and its knowledge of the allegations in the original pleading, Corporation Counsel "should have known that, given the deficiencies of the original [C]omplaint, [Spatarella] should have been named, and would, when the mispleading became evident, be added" as a defendant. *Mosley*, 209 F.R.D. at 53; *see also*

---

[14] In the Summons Returned Executed by Plaintiff, Corporation Counsel acknowledged the receipt of summons and complaint served upon the New York City Police.  (Dkt. 21, at ECF 2.)

*Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07-CV-8828 (KMK), 2009 WL 3151200, at \*13 (S.D.N.Y. Sept. 29, 2009) ("The inquiry is not . . . whether defense counsel had actual knowledge but whether he 'knew or should have known' that the additional defendant[] would be added within the statute of limitations period." (internal citations omitted)).  As such, Spatarella received constructive notice of this suit when Corporation Counsel became "aware of Plaintiff's lawsuit, . . . responded to the [o]riginal Complaint on behalf of the initial [City] [D]efendants, and was also aware that Plaintiff sought to add [] new defendants, given the Court's *Valentin* Order." *JCG*, 2014 WL 1630815, at \*17; (*see* Dkt. 7.)

Furthermore, even if Plaintiff did not specifically create a "John Doe Correction Officer placeholder" in the caption of his original Complaint, "there are a number of ways notice may be imputed to defendants not yet named through the Office of the Corporation Counsel, especially when the Court liberally construes a *pro se* plaintiff's pleadings[,]" and inclusion of "John Doe" defendants in the complaint is only one of them. *Ramos*, 2016 WL 3619534, at \*4–5.  Thus, the Court may impute notice where a plaintiff describes a prospective defendant in the complaint in any manner that suggests claims may eventually be brought against that defendant. *See, e.g.*, *Mosley*, 209 F.R.D. at 53 (holding that because plaintiff only named the city and a supervising officer as defendants, but the body of complaint clearly alleged unnamed officers assaulted plaintiff, corporation counsel knew or should have known that these officers would eventually be named); *Almeda v. City of New York*, No. 00-CV-1407, 2001 WL 868286, at \*3 (E.D.N.Y. July 26, 2001) (noting that while plaintiff named only the city, "John Doe," and "Ronald Roe" as defendants, the complaint emphasized the role of Sergeant Robert Barnes as plaintiff's "chief assailant" and therefore counsel had notice Barnes would be named).  As noted above, when Plaintiff filed his original Complaint, he specifically named Spatarella as "N.Y.C. Dept. of

Correction[] [s]taff," specified the time of the alleged incident, and provided sufficient details about the alleged force used against him. (Compl., Dkt. 1, at ECF 4.)

Moreover, Spatarella's assertion that Corporation Counsel has not appeared in this action since 2018 after all claims against the City Defendants were dismissed is simply inaccurate. As discussed earlier, the Court's March 29, 2017 Order on the City Defendants' motion to dismiss allowed Plaintiff's excessive force claim against the City Defendants to proceed. (*See* Dkt. 103, at ECF 5.) Thus, not all claims against the City Defendants were dismissed in 2018, and given that there remains an active excessive force claim, the Court presumes Corporation Counsel continued appearance on behalf of the City Defendants in this matter.

Thus, in light of the facts, the Court deems Spatarella as having received constructive notice of this action within 120 days of the filing of the original Complaint, such that he will "not be prejudiced in defending on the merits." *See* Fed. R. Civ. P. 15(c)(1)(C)(i).

b.    Rule 15(c)(1)(C)(ii): Mistake

Regarding the third relation-back requirement, Spatarella contends that Plaintiff's "failure to include him in the initial pleading [was not due to] a mistake for the purposes of Rule 15(c)," but "rather due to a lack of diligence." (Dkt. 190, at ECF 15–16.) Specifically, Spatarella argues that he "was never named in the case caption even though Plaintiff apparently knew that [Plaintiff] intended to sue him" and that "[a]t the time that [Plaintiff] filed the Complaint, Plaintiff presumably knew that a male officer was involved in [Plaintiff]'s transfer to Nassau County custody and allegedly subjected [Plaintiff] to excessive force." (*Id.* at ECF 15.) Spatarella further asserts that "Plaintiff did not seek to identify [him] . . . until after the limitations period had run . . . . [and] to the extent that Plaintiff did not know the correct spelling of [his] name, [Plaintiff] made

26

no attempt to have the Court assist with properly identifying [him]." (*Id.* at ECF 15–16.) This argument borders on specious.

Here, Plaintiff's mistakes with respect to naming Spatarella as a defendant were that he failed to list Spatarella in the caption and misspelled Spatarella's last name in the original Complaint. "This is not the same as a plaintiff who does not name [a] certain [d]efendant[] because he is unsure of [the] identity" of the proper defendant at the outset of the litigation. *JCG*, 2014 WL 1630815, at *18; *see also Ceara v. Deacon*, 916 F.3d 208, 212 (2d Cir. 2019) ("'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'") (quoting *Barrow*, 66 F.3d at 470). "Rather, Plaintiff did know who [Spatarella was], as evidenced by his description of [Spatarella] by name [and] position in the text of the [o]riginal Complaint." *JCG*, 2014 WL 1630815, at *18; (*see* Compl., Dkt. 1, at ECF 4.). "Where a plaintiff fails to list a party in the caption, mislabels the proper defendant, or incorrectly spells his name [but includes allegations of misconduct], courts generally will grant leave to correct the mistake under Rule 15." *JCG*, 2014 WL 1630815, at *18; *see also Ingram v. Kumar*, 585 F.2d 566, 571 (2d Cir. 1978) (holding that relation back was proper when there was a "minor misspelling of defendant's name" as "Vijaya N. Kumar" in the original complaint rather than "Vijay S. Kumar"); *Mosley*, 209 F.R.D. at 52–53 (finding *pro se* plaintiff's failure to name individual defendants in the case caption is a mistake under Rule 15(c) where complaint sets forth allegations of defendants' conduct); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 399 (E.D.N.Y. 1998) ("Where a plaintiff mislabels the proper defendant and/or incorrectly spells its name, courts generally grant the plaintiff leave to correct the mistake.") (citing *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1302 (2d Cir.1990)). As such, Plaintiff's errors with respect to the spelling of Spatarella's name and not listing him in the

caption "fall squarely within the ambit of Rule 15." *Ceara*, 916 F.3d at 214 (citing *Barrow*, 66 F.3d at 469 (noting the Rule's purpose as allowing amendments "to correct an error, such as a misnomer or misidentification")).

In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548, 552 (2010), the Supreme Court explained that the focus of the Rule 15(c)(1)(C)(ii) inquiry is on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. Here, as discussed above, Spatarella received constructive notice within the period prescribed by Rule 4(m) that an action had been brought against him. It should have been clear to Corporation Counsel from the allegations in the Complaint that Spatarella was one of the defendants identified by Plaintiff, and Corporation Counsel should have informed Spatarella at the inception about this lawsuit against him. Indeed, contrary to Spatarella's argument, the failure to properly identify Spatarella as "Spattla," the "N.Y.C. Dept. of Corrections [s]taff" who allegedly used excessive force against Plaintiff during his arrest on April 25, 2014, was not due to Plaintiff "[making] no attempt to have the Court assist with properly identifying [him]" (Dkt. 190, at 15–16), but was instead Corporation Counsel's failure to comply with the Court's *Valentin* order. Accordingly, Plaintiff satisfies the third relation-back requirement.

*   *   *

Therefore, Plaintiff's SAC relates back to his original timely-filed complaint under Rule 15(c)(1)(C).

### 2.     Relation Back under Rule 15(c)(1)(A)

Although not necessary to its decision, the Court also considers whether the SAC relates back to the original Complaint under New York state law, as made applicable through Rule

28

15(c)(1)(A).  As noted *supra*, Rule 15(c)(1)(A) directs courts to consider both federal and state law and apply whichever affords a "more forgiving" principle of relation back.  *See Wilson v. City of New York*, No. 03-CV-2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006).  "Rule 15(c)(1)(A) permits an amended pleading to relate back to the date of the original complaint if 'the law that provides the applicable statute of limitations allows relation back.'"  *Hogan*, 738 F.3d at 509 (internal quotation marks omitted); Fed. R. Civ. P. 15(c)(1)(A).  As the applicable statute of limitations is provided by New York law in this action, the Court must therefore look to the "entire body of limitations law" in New York to ascertain whether it would allow relation back.  *Hogan*, 738 F.3d at 518 (emphasis omitted).  Under New York law, a party seeking relation back for a newly added defendant may utilize New York Civil Practice Law and Rules ("C.P.L.R.") § 1024 (New York's special procedure for claims against "John Doe" defendants) or C.P.L.R. § 203 (New York's general relation back statute).  *See Strada v. City of New York*, No. 11-CV-5735 (MKB), 2014 WL 3490306, at *6–8 (E.D.N.Y. July 11, 2014).

### a.   New York C.P.L.R. Section 1024

Section 1024 of the C.P.L.R, which pertains to claims against "John Doe" defendants as "unknown parties," states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.  New York courts have interpreted this section to allow substitution of a named party for a John Doe party *nunc pro tunc* if a plaintiff meets two conditions.  *Hogan*, 738 F.3d at 518–19 (collecting cases).  First, the plaintiff "must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'"  *Id.* at 519 (quoting

29

*Bumpus v. N.Y.C. Transit Auth.*, 883 N.Y.S.2d 99, 104 (2d Dep't 2009)).   Second, the plaintiff

"must describe the John Doe party 'in such form as will fairly apprise the party that [he] is the

intended defendant.'" *Id.* (quoting *Bumpus*, 883 N.Y.S.2d at 104).   "Due diligence in this context

requires that a plaintiff 'show that he or she made timely efforts to identify the correct party before

the statute of limitations expired.'"   *Perrien v. City of New York*, No. 21-CV-4443 (MKB), 2022

WL 4134367, at *4 (E.D.N.Y. Sept. 12, 2022) (quoting *Doe v. New York*, 97 F. Supp. 3d 5, 19

(E.D.N.Y. 2015)).

Here, Plaintiff's original Complaint is not a "John Doe" complaint subject to the relation-

back rule under C.P.L.R. Section 1024.   Spatarella's identity was not unknown to Plaintiff when

he filed the original Complaint, and Plaintiff did not create a "John Doe" placeholder in his original

Complaint.   Rather, Plaintiff knew who Spatarella was when he commenced this action and

identified Spatarella by name, though misspelled, in his original pleading.   Because Plaintiff is not

a "John Doe" litigant as to Spatarella, the relation-back rule pursuant to C.P.L.R. Section 1024 is

not applicable here.[15]

### b.   New York C.P.L.R. Section 203

A plaintiff may also seek to relate back claims against a new defendant to timely-filed

pleadings under Section 203 of the C.P.L.R., New York's more general relation-back statute,

when:

---

[15] With respect to C.P.L.R. Section 1024, courts have distinguished between two groups of defendants and have applied different relation-back analyses to them, i.e., defendants "who were named as 'John Does' in the caption of the [o]riginal Complaint (and were described as unknown individuals in the body of the document") and those "who were not 'named' as Defendants in the caption, but were specifically identified and had claims asserted against them in the [o]riginal Complaint"). *See JCG*, 2014 WL 1630815, at *12–15, 17–19.   However, because Spatarella was neither named as a "John Doe" or unknown party, or entirely unnamed, in the original Complaint, C.P.L.R. Section 1024 simply does not apply to this action.

> (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

*JCG*, 2014 WL 1630815, at *15 (quoting *Fisher v. Cnty. of Nassau*, No. 10-CV-0677 (JS) (ETB), 2011 WL 4899920, at *5 (E.D.N.Y. Oct. 13, 2011)).  As already discussed, the first and the third requirements are met here.  The "new claim" against Spatarella arises out of the same alleged conduct as Plaintiff's timely-filed claims in his original Complaint, and Spatarella knew or should have known that, but for a mistake, the action would have been brought against him.  *See Vasconcellos v. City of New York et al.*, No. 12-CV-8445 (CM), 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014) (noting that the third requirement of C.P.L.R. § 203 "closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)").

Regarding the second requirement, however, there is no such unity of interest between Spatarella and the originally-named defendants.  "'The question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff.'"  *Ramos*, 2016 WL 3619534, at *7 (quoting *Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116, 122 (E.D.N.Y. 2009)).  "A jural relationship means that 'because of some legal relationship between the defendants they necessarily have the same defenses to the plaintiff's claim,' and will therefore 'stand or fall together.'"  *Hunter v. Deutsche Lufthansa AG*, No. 09-CV-3166 (RJD) (JMA), 2013 WL 752193, at *5 (citing *Amaya*, 645 F. Supp. 2d at 122).  In addition to inquiring whether there exists a jural relationship, some courts have also considered whether a newly-added defendant is represented by the same counsel as any of the originally-named defendants in assessing unity of

31

interest. *See Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019) (finding that no unity of interest existed between the newly-named defendant and the original defendants partly because they were not represented by the same counsel); *Harris v. Viau*, No. 17-CV-9746 (KMK), 2019 WL 1978596, at *6 (S.D.N.Y. May 3, 2019) (holding that the parties "who were represented by separate counsel and raised different defenses" were not united in interest under Section 203(c)).

Here, no such legal relationship exists between Spatarella and the originally-named defendants. Spatarella is a corrections officer at the New York City Department of Correction, a branch of the municipal government of New York City. The other defendants named in the original Complaint are the Nassau County District Attorney, the Queens County District Attorney, various governmental entities, including the Nassau County Police Department, the Hempstead Police Department, and the New York City Police Department, as well as individual officials from these entities. (Compl., Dkt. 1.)

In addition, while Spatarella and the originally-named City Defendants are both represented by Corporation Counsel, the claims that Plaintiff alleges against them are different— Spatarella is sued for excessive force while the original City Defendants are sued for false arrest, unlawful search, and malicious prosecution. (Compl., Dkt. 1, at ECF 4, 6–8.) Therefore, it can hardly be said that they share the same defenses to Plaintiff's claims. Furthermore, Plaintiff asserts excessive force claims against both Spatarella and the originally-named Nassau County Defendants. (*Id.* at ECF 4.) However, they are represented by separate counsel, and their defenses "would not necessarily stand or fall together"—one may be held liable while the other is not because "each individual defendant's liability will be determined with regard to that defendant's particular acts or omissions." *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 597 (S.D.N.Y. 2009).

Therefore, the unity of interest requirement cannot be met, and relation back is unavailable to Plaintiff under C.P.L.R. Section 203.

As such, Plaintiff's claim against Spatarella in the SAC relates back to his original pleading under Rule 15(c)(1)(C), and not under New York law. Therefore, the Court denies Spatarella's motion to dismiss on statute of limitations grounds.

## CONCLUSION

For the reasons set forth herein, Spatarella's motion to dismiss Plaintiff's SAC is denied.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: September 30, 2023
Brooklyn, New York